# ZARIN & STEINMETZ
ATTORNEYS AT LAW
81 MAIN STREET
SUITE 415
WHITE PLAINS, NEW YORK 10601

TELEPHONE: (914) 682-7800
FACSIMILE: (914) 683-5490
WEBSITE: WWW.ZARIN-STEINMETZ.NET

DAVID S. STEINMETZ*
MICHAEL D. ZARIN
DANIEL M. RICHMOND
BRAD K. SCHWARTZ

MEREDITH BLACK°
DAVID J. COOPER
JODY T. CROSS°
ERIN P. HONAKER

* ALSO ADMITTED IN D.C.
° ALSO ADMITTED IN CT
△ ALSO ADMITTED IN NJ

MARSHA RUBIN GOLDSTEIN
HELEN COLLIER MAUCH△
LISA F. SMITH°
OF COUNSEL

January 5, 2012

**By ECF and Federal Express**

Hon. Joanna Seybert
Alfonse M. D'Amato U.S. Courthouse
United States District Court
100 Federal Plaza
Central Islip, NY 11722

Re: **10 Garvies Point Road Corp. et al. v. City of Glen Cove et al.;
Case No. 11-cv-949 (JS)**

Dear Judge Seybert:

We received yesterday a copy of the enclosed Short Form Order issued by Hon. Thomas A. Adams, and entered in the Nassau County Clerk's Office on November 7, 2011, regarding the Motion filed by Plaintiffs in State Court on September 20, 2011. Plaintiffs' Motion sought an Order from the State Court "directing the Nassau County Treasurer to promptly release to [Plaintiffs] the remaining amount of the advance payment currently being held in escrow."

We thought your Honor might want a copy of the Order for consideration when deciding Defendant IDA's pending Motion for an Amended Order in the above-captioned action. We will also send a courtesy copy of this letter and the Order by overnight mail.

We also feel compelled to inform the Court of recent developments regarding Plaintiffs' new relocated junkyard site, also situated within the City of Glen Cove. The New York State Department of Environmental Conservation ("DEC") and the City of Glen Cove Police Department ("GCPD"), together with other State and County Agencies, recently investigated the potential illegal dumping of oils and other fluids on-site, as well as the illegal transport and disposal of contaminated soil off-site, pursuant to a joint search warrant issued by DEC and GCPD. On December 22, 2011, DEC collected various soil samples (the results of which are pending), and also ordered Plaintiffs to cease all operations on the site. If the Court is interested, we could provide photographs and supporting affidavits. Without pre-judging the

Hon. Joanna Seybert
January 5, 2012
Page 2

outcome of this investigation, we felt it warranted notification to your Honor as it highlights one of the reasons the escrow fund should remain in place during IDA's Navigation Law Action regarding Plaintiffs' former junkyard site, again, as expressly contemplated in the Stipulation.

                              Respectfully submitted,

                              ZARIN & STEINMETZ

                              By: _____
                                   Michael D. Zarin

Encl.
cc:    Charles S. Webb III, Esq./ Kenneth J. Applebaum, Esq. (by ECF and e-mail)

SHORT FORM ORDER

## SUPREME COURT - STATE OF NEW YORK

Present:

**HON. THOMAS A. ADAMS,**
Acting Supreme Court Justice

TRIAL/IAS, PART 33
NASSAU COUNTY

In the Matter of the Application of the
CITY OF GLEN COVE INDUSTRIAL DEVELOPMENT
AGENCY to acquire certain property to be
acquired for public purposes as set forth
on maps showing, Property to be acquired,
in the vicinity of Garvies Point, City of
Glen Cove, County of Nassau, State of New
York

MOTION DATE: 10/7/11
INDEX NO.: 17614/05
SEQ. NO. 9

Reputed Property Owner: John Doxey and
10 Garvies Point Road Corporation

Reputed Premises Tenant: Doxside
Industries, Inc.

---

The respondents' motion, pursuant to Eminent Domain Law §304, for an order directing the Nassau County Treasurer to release the $628.668.25 balance on deposit with it to them in accordance with a March 2, 2011 Federal Court stipulation (Seybert, J.) is determined as hereinafter provided.

Following the respondents' filing of a February 28, 2011 order to show cause in a related federal action ( 10 Garvies Point Road Corp., et al. v City of Glen Cove, et al, CV-11-949 [E.D.N.Y.]), the parties stipulated, in sum, that the balance of the advanced funds, i.e., $628,668.25, "shall remain deposited with the County Treasurer until such time as any cost - environmental cost recovery action is resolved". However, the petitioner further agreed to file "the appropriate action within 90 days of the time period that all materials are removed [by the respondents] from the site hereunder" (see petitioner's Exhibit A, p.38,L13-15). The stipulation was subsequently incorporated by reference into a March 2, 2011 order (Seybert, J.) which, inter alia, directs that any such environmental action be commenced "no later than July 18, 2011" or approximately 90 days from the respondents' April 18, 2011 deadline to depart the site (see respondents' Exhibit A).

- 2 -                    Index No. 17614/05

Thereafter, the parties consensually extended the respondents' April 18, 2011 departure date, on repeated occasions, until May 26, 2011 and the anticipated Navigation Law action was filed on August 2, 2011 or within 90 days of the delayed departure. Consequently, although the petitioner contends that it has substantially complied with the stipulation and March 2, 2011 order, the respondents assert that it failed to timely commence the environmental action and therefore the funds which remain on deposit must be released. Finally, in view of this dispute, on or about September 28, 2011 the petitioner filed a motion, pursuant to Rule 60 of the Federal Rules of Civil Procedure, to amend or re-settle the March 2, 2011 order (see petitioner's Exhibit A).

Since the respondents, in effect, seek to enforce a federal court order which is the subject of a sub judice motion to that court, their motion, pursuant to Eminent Domain Law §304, for an order directing the Nassau County Treasurer to release the $628,668.25 balance to them is denied with leave to renew, if necessary, within thirty (30) days of Judge Seybert's determination.

Dated:   NOV 02 2011                         _____
                                                         A.J.S.C.

ENTERED
NOV 07 2011
NASSAU COUNTY
COUNTY CLERK'S OFFICE

17614-05.wpd