UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
10 GARVIES POINT ROAD CORP. and
DOXSIDE INDUSTRIES, INC.,

                    Plaintiffs,

          -against-

CITY OF GLEN COVE, GLEN COVE
INDUSTRIAL DEVELOPMENT AGENCY, and the
UNITED STATES ENVIRONMENTAL PROTECTION
AGENCY,

                    Defendants.
----------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    AUG 1 0 2012    ★

LONG ISLAND OFFICE

MEMORANDUM & ORDER
11-CV-0949(JS)(WDW)

APPEARANCES
For Plaintiff:          Charles S. Webb, III, Esq.
                        Kenneth J. Applebaum, Esq.
                        Berger & Webb LLP
                        7 Times Square
                        New York, NY 10036

For Defendants          Michael D. Zarin, Esq.
Glen Cove and           Zarin & Steinmetz
the IDA:                81 Main Street, Suite 415
                        White Plains, NY 10601

The EPA:                No appearances.

SEYBERT, District Judge:

          Defendants City of Glen Cove (the "City") and the Glen

Cove Industrial Development Agency (the "IDA" and, with the

City, "Defendants") move for an order pursuant to Federal Rule

of Civil Procedure Rule 60(a) clarifying a stipulation between

Defendants and Plaintiffs 10 Garvies Point Road Corporation and

Doxside Industries, Inc. ("Plaintiffs"). For the reasons that

follow, Defendants' motion is GRANTED and an Amended Stipulation will be docketed with this Memorandum and Order.

BACKGROUND

As is relevant here, this case involved a dispute between Plaintiffs and Defendants over certain funds that were being held in escrow pending Plaintiffs' vacating their former worksite (the "Site"). The parties largely resolved their differences at a conference with the Court in February 2011, and they entered into an on-the-record stipulation (the "Stipulation") that, in general terms, provided that the escrowed funds would be released to Plaintiffs in installments that were tied to certain benchmarks. Under this agreement, the penultimate installment would be released to Plaintiffs once they removed all of their equipment and material from the Site. (See Feb. 28, 2011 Hrg. Tr. 37-38.) The parties agreed that Plaintiffs would be gone by April 18, 2011 but, in the event that they were working in good faith, Plaintiffs could have an extra fifteen days. (See id. at 33-34.) The Stipulation further provided that:

> The balance of the advanced funds shall remain deposited with the county treasurer until such time as any . . . environmental cost recovery action is resolved. The city commits to filing the appropriate action within 90 days of the time period that all materials are removed from the site hereunder.

2

(Id. at 38.) At the end of the conference, the parties and the Court agreed that a written order would facilitate a transfer of funds from the Nassau County Treasurer to the Court's Registry (under the arrangement worked out with the Court, some of the money would be held in the Court's Registry and some would continue to be held by the Nassau County Treasurer). The Court offered to issue a written order, but Defendants' counsel offered to prepare a "consensual draft" of what the parties thought the written order should include.

The parties submitted a proposed order, which the Court signed on March 2, 2011. (Docket Entry 6, the "March 2 Order.") The March 2 Order expressly incorporated the on-the-record Stipulation, and it reiterated the substance of the parties' agreement--with one important difference. Rather than say that Defendants would bring an environmental cost recovery action within ninety days of Plaintiffs' vacating the Site, the order provided that Defendants would file an action by July 18, 2011. (March 2 Order at 2.) Monday, July 18, 2011 was the ninety-first day after the deadline by which Plaintiffs were supposed to leave the Site.

It turned out that Plaintiffs needed more time than anyone thought to vacate the Site, but Defendants consented to a series of extensions (see Defs. Aff. ¶ 6) and Plaintiffs were cleared out by May 26, 2011 (see Defs. Ex. E). Defendants filed

an environmental cost recovery action under the New York Navigation Law on August 2, 2011. This was within ninety days after Plaintiffs cleared the Site, but it was obviously after the July 18 deadline provided for in the March 18 Order. Plaintiffs then sought a state court order compelling the release of the remaining funds, arguing that Defendants failed to timely file any cost recovery claims.[1]

DISCUSSION

Defendants now seek an order from this Court, pursuant to Rule 60, modifying the March 2 Order to reflect the parties' on-the-record agreement that Defendants would have ninety days from the date Plaintiffs left the Site to file a cost recovery action. See FED. R. CIV. P. 60. Plaintiffs oppose, arguing that the discrepancy between the Stipulation and the March 2 Order is the result of Defendants' oversight and that an attorney's carelessness is not a basis for modifying an order under Rule 60(b).

The Court will issue a corrected order pursuant to its power under Rule 60(a). Rule 60(a) permits district courts to correct mistakes "arising from oversight or omission" in its orders. FED. R. CIV. P. 60(a). This includes the power to correct orders to reflect the Court's contemporaneous intent in

---

[1] The state court denied Plaintiffs' motion with leave to renew within 30 days of this Court's decision on the present motion. (See Docket Entry 35.)

entering them. See Panama Processes, S.A. v. Cities Serv. Co., 789 F.2d 991, 993 (2d Cir. 1986); In re Marc Rich & Co., 739 F.2d 834, 836 (2d Cir. 1984). Plaintiffs' reliance on Rule 60(b) to argue that carelessness does not justify relief is misplaced because the ambiguity at issue here is covered by subsection (a), not (b). As the Second Circuit has recognized,

> The relevant distinction is "between what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record, and what is erroneous because the person later discovers that the thing said, written or recorded was wrong. The former comes within Rule 60(a); the latter does not."

Marc Rich, 739 F.2d at 837 (quoting Allied Materials Corp. v. Superior Prods. Co., 620 F.2d 224, 226 (10th Cir. 1980)). The contemporaneous intent of the district court, as evidenced by the record, is the key inquiry. See Panama Processes, 789 F.2d at 995.

The on-the-record Stipulation provided Defendants with a ninety-day window to investigate and file a cost recovery action.[2] This was the agreement that the Court approved, and although it recognized that a written order would follow, it clearly contemplated that the written order would track the

---

[2] Although it was not explicit in the Stipulation, the intent of the parties and the Court was that the IDA would have sufficient time after Plaintiffs vacated the Site to investigate whether a cost recovery action was appropriate. (See Defs. Aff. ¶ 21.) Plaintiffs do not suggest otherwise. (See generally Pls. Opp.)

language of the parties' on-the-record agreement.[3] Indeed, the March 2 Order explicitly incorporates the Stipulation's terms. This intent controls, and the Court can use its power under Rule 60(a) to cure the discrepancy between the Stipulation and the March 2 Order. See Marc Rich, 739 F.2d at 836-37 (upholding district court's order "clarify[ing] and remov[ing] any ambiguity and mistake inadvertently contained" in its civil contempt order).

## CONCLUSION

For the foregoing reasons, Defendants' motion to correct the March 2 Order is GRANTED. The Court will issue a corrected order on ECF contemporaneously with this Memorandum and Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    August __10__, 2012
          Central Islip, New York

---

[3] The Court even offered to draft a written order based on the transcript of the conference. (See Feb. 28, 2011 Hrg. Tr. 41.)